UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOBA WETTENSTEIN, individually and on behalf of all others similarly situated; <br><br>                Plaintiff, <br><br><br><br>     -v.- <br> MICHAEL HARRISON ATTORNEY AT LAW, <br> and John Does 1-25. <br><br>             Defendant(s). | Civil Action No: 7:19-cv-6190 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Toba Wettenstein (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Michael Harrison Attorney at Law (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate.  Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland, residing at 13 Paiken Dr. Spring Valley, New York 10977.

8.    Defendant Michael Harrison Attorney at Law is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address in New York at 75 S. Broadway 4th Floor White Plains, New York 10601.

9.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

<u>**CLASS ALLEGATIONS**</u>

12.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.    The Class consists of:

    a.   all individuals with addresses in the State of New York;

    b.   to whom Michael Harrison Attorney at Law sent a collection letter;

    c.   in connection with collection of a consumer debt;

    d.   which advised that if a dispute was made, that the credit reporting would still occur but with a "disputed" notation on the trade line.

    e.   As well as demanding a reason for the dispute be provided;

    f.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § l692e.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

        a.    **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. § l692e.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to June 8, 2019, an obligation was allegedly incurred to Tallman Obgyn, PC ("Tallman").

23.     The Tallman obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, in this instance specifically personal medical services.

24.     The alleged Tallman obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Tallman is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     Tallman contracted with the Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – June 8, 2019 Collection Letter*

28.    On or about June 8, 2019, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Tallman.  A true and accurate copy of the Letter is attached hereto marked Exhibit A.

29.    The Letter states, in pertinent part, the following:

> "…we are placing you on notice that we intend to report your account to a national credit reporting service if same is not resolved within (35) days…If you wish to dispute the debt indicated above please advise us within the (35) day period that you dispute the debt…If you dispute it we will note the account as disputed and will report it as disputed. We would also ask that you provide the reason for the dispute so that we can better understand your dispute."

30.    Defendant's language is false, deceptive and misleading on three (3) separate fronts.

31.    Firstly, the Letter does not say that the Defendant will investigate the debt if disputed, but rather that the account would simply be placed on Plaintiff's credit report and marked as disputed.

32.    The Defendant has an obligation to investigate any dispute by the consumer and if the debt cannot be confirmed to be valid it cannot remain on a credit report.

33.    The letter makes no mention that the debt might not be placed on the report at all, or remain on a credit report if not verified, merely that the debt would be marked as disputed.

34.    Secondly, the language of the Letter explicitly states that the Plaintiff has (35) days to send a dispute in response to this letter. This is false, deceptive and misleading statement.

35.    Plaintiff may dispute the credit reporting of a debt at any time she wishes which would trigger an obligation on the part of the Defendant to at a minimum mark the account as disputed on her credit report one verified, and if not verified the Defendant would be required to remove the debt from the report.

36.    The language in the Letter makes it appear as though Plaintiff has only a (35) day window in which to dispute the debt and/or the credit reporting of it, when this 35-day deadline is made up deadline.

37.    Finally, the Letter requires an explanation of why she is disputing the debt.  There is no requirement in the FDCPA that for a dispute to be effective a reason for the dispute must be included with the dispute.

38.    This language would lead the Plaintiff to believe that without providing a reason, the dispute would be ignored, or that the credit reporting would not be updated as promised in the letter, when in reality no reason must be given for a dispute to take place.

39.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e

40.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(10).

42.    Pursuant to 15 U.S.C. §1692e(10), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

43.    Defendant violated said section by:

a.    Not advising the Plaintiff that any dispute would be investigated and if the account could not be verified, it would not be placed on the Plaintiff's credit report at all.

    b.   Advising that Plaintiff needed to provide a reason for her dispute, when in fact no reason is required.

    c.   By deceptively implying that no dispute would be considered a valid dispute after the 35-day period referenced in the letter expired.

44.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

45.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Toba Wettenstein, individually and on behalf of all others similarly situated demands judgment from Defendant Michael Harrison Attorney at Law, as follows:

    a.   Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and David P. Force, Esq. as Class Counsel;

    b.   Awarding Plaintiff and the Class statutory damages;

    c.   Awarding Plaintiff and the Class actual damages;

    d.   Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    e.   Awarding pre-judgment interest and post-judgment interest; and

  f.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

 Dated: Hackensack, New Jersey
    July 2, 2019

<u>/s/ David P. Force</u>
By:  David P. Force, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
(P): (201) 282-6500 ext. 107
(F): (201) 282-6501
(E) dforce@steinsakslegal.com
*Attorneys For Plaintiff*